IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERCED JASSO,

    Plaintiff,

vs.                                                    Case No. 2:22-cv-385 GBW/KRS

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

    Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on November 29, 2022. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party for each phase of discovery, with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission by each party to any other party, with responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) requests for production by each party to any other party for each phase of discovery, with responses due thirty (30) days after service

(d) Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant. Each fact witness deposition limited to maximum of four (4) hours and each expert witness

deposition limited to a maximum of seven (7) hours unless extended by agreement of parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **December 29, 2022**;

(b) Deadline for Defendant to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **January 20, 2023**;

(c) Deadline for Plaintiff's expert reports: **March 28, 2023**;

(d) Deadline for Defendant's expert reports: **April 28, 2023**;

(e) Termination of discovery:   Phase One (Uninsured Motorist/Bodily Injury causation and value issues): **February 28, 2023**

   Phase Two (Extra-contractual issues): **May 30, 2023**;

(f) Deadline for supplementing discovery/disclosures: Due within thirty (30) days if the party learns that in some material respect the disclosure or response is incomplete or incorrect;

(g) Motions relating to discovery: **June 19, 2023**;

(h) All other motions:[1] **June 29, 2023**;

(i) Pretrial order:   To be set by the presiding judge.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition,

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE